JONES, Justice.
The Town of Orange Beach challenges an order granting Baldwin County permanent injunctive relief; ordering the Town to pay to the County a sum equal to any amounts that the Town has collected for building permit fees on property within the Town’s police jurisdiction; and denying the Town’s counterclaim for any amount collected by the County on property within the police jurisdiction but not within flood-prone areas as defined by Code 1975, § 11t19-1, et seq.
The trial court’s decree contains a succinct statement of the pertinent facts, the issues joined between the parties, and the court’s adjudication of those issues:
“This cause of action was submitted to the Court upon the pleadings, testimony [presented] ore tenus, exhibits produced, briefs and arguments of the counsel. *946 The Court after considering the same is of the opinion that Baldwin County has duly adopted the necessary resolutions authorizing it to exercise the authority granted by the legislature of the State of Alabama contained in [Sections] 11-19-1 thru 11-19-24 entitled 'Comprehensive Land-Use Management in Flood-Prone Areas.’ Further, that the comprehensive land use statutes granted to the County broad authority to regulate, control and issue building permits for construction in all flood-prone areas lying outside of the corporate limits of the municipalities within the County. The Court further finds that a vast majority of the lands lying outside of the corporate limits of the Town of Orange Beach as designated on the map marked as Defendant’s Exhibit Two is flood-prone area; that to distinguish between what area is flood-prone and what is not, would become difficult to determine on the surface of the land. The Court further does not find any legislative authority authorizing the Town of Orange Beach to issue building permits or to create zoning ordinances outside of its corporate limits. The Court further finds that the Town of Orange Beach has collected certain fees for issuing construction permits outside of its corporate limits which it was not entitled to charge. The Court finds that the Town of Orange Beach is not entitled to any relief under its counterclaims.
“It is, therefore; ORDERED, ADJUDGED and DECREED that the Town of Orange Beach is enjoined from issuing any building construction permits outside of its corporate limits and that the Town is permanently enjoined from doing so.
“It is further ORDERED, ADJUDGED and DECREED that the Town of Orange Beach pay to Baldwin County all building permit fees collected by it where the County did not receive its legal fee for issuing such a permit. The Town is taxed the legal rate of interest for the monies due Baldwin County.
“It is further ORDERED that the Town of Orange Beach is denied relief under its counterclaims.”
We find that the trial judge’s findings of fact are supported by the evidence, and we agree with his holding granting the County’s prayer for permanent injunction and payment by the Town of all building permit fees collected on properties within its police jurisdiction, as well as with his denial of the Town’s counterclaims. For the right of the County, superior to that of the Town, to issue building permits within the Town's police jurisdiction under the facts of this case,[1] see Code 1975, § 11-24-5.
AFFIRMED.
MADDOX, ALMON, SHORES, BEAT-TY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.

. Two additional facts, implicit but not expressly found by the tried court are: 1) The County’s compliance with the provisions of § 11-24-5 (appearing in a chapter styled "Regulation of Subdivisions”) dates from June 1972; and 2) The Town of Orange Beach weis incorporated in August 1984.