[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 6, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-15538

_____

D. C. Docket No. 03-00184-CV-1-CB-M

SEVENTH STREET, LLC,

Plaintiff-Appellant,

versus

BALDWIN COUNTY PLANNING AND ZONING COMMISSION,
BALDWIN COUNTY COMMISSION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 6, 2006)**

Before TJOFLAT and PRYOR, Circuit Judges, and GEORGE[*], District Judge.

_____

[*] Honorable Lloyd D. George, United States District Judge for the District of Nevada,
sitting by designation.

PER CURIAM:

Seventh Street, L.L.C., appeals a summary judgment in favor of the Baldwin County Planning and Zoning Commission and the Baldwin County Commission. Seventh Street argues that some provisions of the Subdivision Regulations of Baldwin County violate the Due Process Clause of the Fourteenth Amendment on the ground that the County Commission lacked statutory authority to enact the regulations and others violate due process on the ground that they are unconstitutionally vague and standardless. Because Alabama law granted the Commission the police power to enact the regulations and those regulations are not vague as applied to Seventh Street, we affirm.

## I. BACKGROUND

Seventh Street sought approval from the Zoning Commission to build a condominium complex in Lillian, Baldwin County, Alabama. Portions of the parcel were not then subject to county zoning, but the entire parcel was designated as a "flood prone area." In March and April 2002, the Zoning Commission held public hearings to consider the application of Seventh Street.

The Zoning Commission denied the application of Seventh Street based on failure to comply with sections 10.3.2(b), 10.3.2(d), 10.3.3(a)(1), 10.3.3(a)(2), 10.3.5(f), 10.3.5(r), and 10.3.5(t) of the Subdivision Regulations. Section 10.3.2

2

requires all planned developments to "meet the minimum development standards" including to reserve ten percent of the land area in the development for open space, Baldwin County, Ala., Subdivision Regulations § 10.3.2(b) (2002), and to limit non-residential land uses to no more than twenty percent of the gross land area, id. § 10.3.2(d). Section 10.3.3(a) requires approval of the site plan by the Commission after consideration of (1) "the value and character" of adjacent properties and (2) the "objectives and purpose of the master plan." Id. § 10.3.3(a). Section 10.3.5 lists additional "site plan requirements," including the "[n]ames and addresses of the owners of the land immediately adjoining the site," id. § 10.3.5(f); "[p]roposed land uses and the location of proposed buildings and other structures," id. § 10.3.5(r); and "[t]he method proposed to maintain private common open areas," id. § 10.3.5(t).

On March 23, 2003, Seventh Street filed a complaint against the County Commission and the Zoning Commission in federal district court and sought relief on two grounds. First, Seventh Street argued that certain provisions of the subdivision regulations were "promulgated without statutory authority and thus application of those provisions to plaintiff's application was arbitrary and capricious in violation of due process." Second, Seventh Street argued that two provisions of the subdivision regulations were "so vague and standardless as to be

3

arbitrary and capricious, in violation of due process." The Commissions moved for summary judgment, the district court granted the motion as to each claim, and Seventh Street appealed.

## II. STANDARD OF REVIEW

This Court reviews <u>de novo</u> the grant of summary judgment. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1225-26 (11th Cir.), <u>reh'g en banc denied</u>, 124 Fed. App'x 644 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and all factual inferences in the light most favorable to the non-moving party. <u>Kingsland</u>, 382 F.3d at 1225-26.

## III. DISCUSSION

Seventh Street's argument is twofold. First, Seventh Street argues that the Subdivision Regulations violate the Due Process Clause of the Fourteenth Amendment because they are beyond the statutory authority of the County Commission. Second, Seventh Street argues that provisions of the regulations are so vague as to violate due process. We address each argument in turn.

4

*A. The Commission Has Statutory Authority to Enact the Challenged Provisions.*

Seventh Street argues that sections 10.3.2(b), 10.3.2(d), 10.3.3(a)(1), 10.3.3(a)(2), 10.3.5(f), 10.3.5(r), and 10.3.5(t) of the Subdivision Regulations violate the Due Process Clause of the Fourteenth Amendment because "the [] Commission lack[ed] statutory authority to promulgate" the provisions and "those regulations are therefore arbitrary and capricious." Because Seventh Street does not contend that the Subdivision Regulations impair a fundamental right, we apply "rational basis" scrutiny. Ga. Manufactured Hous. Ass'n v. Spalding County, 148 F.3d 1304, 1307 (11th Cir. 1998). "The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose . . . . The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." Id. A governmental entity does not have a legitimate purpose to regulate beyond the authority conferred by its enabling legislation. See Thorpe v. Hous. Auth., 393 U.S. 268, 280-81, 89 S. Ct. 518, 525 (1969). Because "a county can exercise only that authority conferred on it by law," Jefferson County v. Johnson, 333 So. 2d 143, 145 (Ala. 1976), this Court must turn to Alabama law to determine whether the County Commission was empowered to enact the regulations.

Alabama Code Title 11, Chapter 19 provides a "grant of zoning powers" to each county over land "within the flood-prone area of the county." Ala. Code § 11-19-16. The section lists powers that, as Seventh Street admits, amount to a grant of general police power to the County over flood-prone areas. See id. Seventh Street concedes that if Chapter 19 applies, the County Commission has authority to enact the challenged regulations, but Seventh Street argues that the County Commission failed to avail itself of Chapter 19 powers. See Jefferson County, 333 So. 2d at 148. In Jefferson County, the Alabama Supreme Court interpreted a predecessor statute to Chapter 19 and held "the provisions of these sections are not controlling unless the county governing body has adopted or established comprehensive land-use and control measures or building codes for flood-prone areas." Id.

The County Commission adopted regulations for flood-prone areas under Chapter 19. In Town of Orange Beach v. Baldwin County, 491 So. 2d 945, 946 (Ala. 1986), the Alabama Supreme Court affirmed a finding that "Baldwin County has duly adopted the necessary resolutions authorizing it to exercise the authority granted by the legislature of the State of Alabama contained in sections 11-19-1 thr[ough] 11-19-24 . . . ." Id. Although Seventh Street argues Town of Orange Beach is a factual rather than legal determination and is due no deference from this

Court, we conclude otherwise, especially in the light of other evidence presented by the County Commission. In 1978, the County Commission adopted the "Flood Damage Prevention Ordinance"; in April 1994, the County Commission adopted a building code for the flood prone areas; in June 1994, the County Commission imposed additional requirements for coastal areas; and in January 2000, the building codes were updated.

Seventh Street alternatively argues that Alabama Act Number 98-655 preempts Chapter 19, but that argument fails. See Ala. Act No. 98-665, 1998 Ala. Acts 935. Act Number 98-655 provides that the County Commission cannot "exercise its planning and zoning powers and jurisdiction in any planning district established under this act until the majority of the qualified electors of the district voting in an election shall have voted their desire to come within the planning and zoning authority of the Baldwin County Commission." Id. § 1(8). The Act states, "All laws or parts of laws which conflict with this act are repealed." Id. § 4. The problem with the argument of Seventh Street is that Chapter 19 does not conflict with Act Number 98-655.

Chapter 19 and Act 98-655 pertain to distinct subjects. Act Number 98-655 applies to "all unincorporated areas of Baldwin County," Act No. 98-655 § 1(3), but Chapter 19 applies only to "flood-prone areas," Ala. Code § 11-19-3. Act 98-

7

665 provides general zoning power to the County Commission, but Chapter 19 provides the County Commission with the authority to regulate flood-prone areas. Act 98-655 did not remove that authority of the County Commission over flood-prone areas.

## B. The Reasons for Denying the Application Were Not Unconstitutionally Vague.

Seventh Street argues that sections 10.3.3(a)(1) and 10.3.3(a)(2) of the Subdivision Regulations were applied in violation of due process to deny its application because they "give the [] Commission unlimited discretion, and fail to provide clearly drawn standards that can be uniformly applied and give the applicant reasonable notice of requirements with which it must comply to obtain approval." When a regulation does not affect constitutionally protected conduct, the provision is valid unless "the enactment is impermissibly vague in all of its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95, 102 S. Ct. 1186, 1191 (1982). "[E]conomic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." Id. at 498, 102 S. Ct. at 1193 (footnote omitted). "[T]he statute must be 'so vague and indefinite as really to be no rule or standard at all.'" Seniors Civil Liberties Ass'n v. Kemp, 965

8

F.2d 1030, 1036 (11th Cir. 1992) (quoting <u>Boutilier v. INS</u>, 387 U.S. 118, 123, 87 S. Ct. 1563, 1566 (1967)).

The Zoning Commission provided ample support for its decision to deny the application of Seventh Street under sections sections 10.3.3(a)(1) and 10.3.3(a)(2) of the Subdivision Regulations. The Zoning Commission conducted two public hearings, and it notified Seventh Street of the deficiencies in its application. The record reflects that Seventh Street failed to comply with various sections of the Subdivision Regulations, including failure to obtain permits, submit construction plans, and conduct necessary studies, failure to identify the size and location of water and sewage lines to which it would connect, and failure to calculate pre- and post-development water runoff. Because the reasons articulated by the Zoning Commission were legitimate and not "so vague and indefinite as really to be no rule or standard at all," <u>Kemp</u>, 965 F.2d at 1036, summary judgment was appropriate.

## IV. CONCLUSION

The summary judgment in favor of the County Commission and Zoning Commission is

**AFFIRMED**.